IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JAMIE F. HALL,

      Plaintiff,

v.                                   CASE NO. 2:09-cv-01026

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.


**PROPOSED FINDINGS AND RECOMMENDATION**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f.  By standing order, this case was referred to this United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff, Jamie F. Hall (hereinafter referred to as "Claimant"), filed applications for SSI and DIB on September 6, 2007, alleging disability as of June 1, 1990, due to depression, seizures, bipolar disorder, anxiety attacks, left shoulder pain, bowel problems, acid reflux and irritable bowel syndrome.  (Tr. at 119-21, 122-23, 146.)  The claims were denied initially and upon

reconsideration.  (Tr. at 63-67, 68-72, 75-77, 78-80.)  On June 21, 2008, Claimant requested a hearing before an Administrative Law Judge ("ALJ").  (Tr. at 81.)  The hearing was held on October 15, 2008, before the Honorable Rosanna Alessio.  (Tr. at 21-56.)  By decision dated March 16, 2009, the ALJ determined that Claimant was not entitled to benefits.  (Tr. at 8-20.)  The ALJ's decision became the final decision of the Commissioner on July 30, 2009, when the Appeals Council denied Claimant's request for review.  (Tr. at 1-4.)  On September 24, 2009, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability.  See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. §§ 404.1520, 416.920 (2009).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  Id. §§ 404.1520(a), 416.920(a).  The first inquiry under the sequence is

2

whether a claimant is currently engaged in substantial gainful employment.  Id. §§ 404.1520(b), 416.920(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  Id. §§ 404.1520(c), 416.920(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  Id. §§ 404.1520(d), 416.920(d).  If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  Id. §§ 404.1520(e), 416.920(e).  By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.  20 C.F.R. §§ 404.1520(f), 416.920(f) (2009).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574

(4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 11.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of left shoulder glenoid labral tear, rotator cuff tendinopathy, bipolar disorder, not otherwise specified, alcohol dependence in early remission and cannabis abuse. (Tr. at 11.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 13.) The ALJ then found that Claimant has a residual functional capacity for light work, reduced by nonexertional limitations. (Tr. at 14.) As a result, Claimant cannot return to her past relevant work. (Tr. at 18.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as vacuum tester, office helper and garment inspector, which exist in significant numbers in the national economy. (Tr. at 19.) On this basis, benefits were denied. (Tr. at 20.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as

"evidence which a reasoning mind would accept as sufficient to support a particular

4

> conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was forty-six years old at the time of the administrative hearing. (Tr. at 25.) Claimant completed the eleventh grade and attained her GED. (Tr. at 25.) In the past, she worked as a bell ringer for the Salvation Army, and as an administrative assistant for the State of West Virginia. (Tr. at 45-46.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as

5

necessary.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ erred in his residual functional capacity finding; and (2) the ALJ erred in finding that the vocational expert's testimony was consistent with the Dictionary of Occupational Titles ("DOT").  (Pl.'s Br. at 1-4; Pl.'s Reply at 1-3.)

The Commissioner argues that substantial evidence supports the ALJ's finding that Claimant could perform alternative light work.  (Def.'s Br. at 7-10.)

Claimant first argues that the ALJ erred because the residual functional capacity finding in her decision includes limitations that Claimant essentially cannot work an eight hour workday, unless she is allowed to recline for the other two hours.  According to Claimant, the ALJ

> found that the claimant "can sit or stand six hours total in an eight hour work day, but would require a sit/stand option with alternating intervals of one hour.  She can sit a total of two to six hours in an eight hour work day." *Id.*  Obviously, if a claimant "can sit or stand six hours total in an eight hour work day," then she cannot work an eight hour day, unless she is allowed to recline for the other two hours.

(Pl.'s Br. at 1.)

In her decision, the ALJ made the following residual functional capacity finding:

> The claimant can lift/carry up to 20 pounds occasionally

6

and 10 pounds frequently with her right dominant hand.
She can lift up to 10 pounds occasionally with her left
hand. She can **sit or stand** six hours total in an eight-
hour work day, but would require a sit/stand option with
alternating intervals of one hour. She can sit a total
of two to six hours in an eight-hour work day. She can
climb, balance, stoop, kneel, crouch, or crawl
occasionally. She can have occasional close
interpersonal interactions with co-workers and occasional
interaction with the public. She would be limited in
occasional handling with her left hand with gross
manipulation.

(Tr. at  14) (emphasis added).

In the hypothetical question to the vocational expert, the ALJ
included all of the above limitations (Tr. at 48-51), except that
the ALJ stated that Claimant could "[s]tand and/or walk six hours
total in an eight-hour workday" (Tr. at 48), rather than "sit or
stand six hours total in an eight-hour work day" as she stated in
her decision.  In response, the vocational expert identified jobs
Claimant can perform, including vacuum tester, office helper and
garment inspector.  (Tr. at 51.)

The court proposes that the presiding District Judge find that
the ALJ's residual functional capacity finding in her decision
contains a typographical error in that she wrote "sit or stand,"
when she intended to write "walk or stand." The ALJ explained in
her decision that she relied on the opinions of the two State
agency medical sources, Marcel Lambrechts, M.D. and Uma Reddy,
M.D., both of whom completed a Physical Residual Functional
Capacity Assessment, and with respect to exertional limitations and
Claimant's ability to "[s]tand and/or walk (with normal breaks)"

7

stated that Claimant could do so "for a total of ... about 6 hours in an 8-hour workday." (Tr. at 300, 401.) Given the categories listed on the Physical Residual Functional Capacity Assessment and the ALJ's hypothetical question which included limitations consistent with the assessment, the court proposes that the presiding District Judge find that the ALJ made a typographical error in her decision, which error is harmless.[1] The ALJ's misstatement in her decision, does not cast into doubt the existence of substantial evidence supporting the ALJ's decision.

Next, Claimant argues that the ALJ erred in finding that the vocational expert's testimony is consistent with the information contained in the DOT. For example, the vocational expert cited the job of garment inspector, DOT 789.687-070. Claimant asserts that the vocational expert cited the wrong job and actually was

---

[1]  Courts have applied a harmless-error analysis in the context of Social Security appeals. One illustrative case provides:

> Moreover, "[p]rocedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir.1988). The procedural improprieties alleged by Morris will therefore constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision.

Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988); Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989)("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). Our Court of Appeals, in a number of unpublished decisions, has taken the same approach. See, e.g., Bishop v. Barnhart, No. 03-1657, 2003 WL 22383983, at *1 (4th Cir. Oct 20, 2003); Camp v. Massanari, No. 01-1924, 2001 WL 1658913, at *1 (4th Cir. Dec 27, 2001); Spencer v. Chater, No. 95-2171, 1996 WL 36907, at *1 (4th Cir. Jan. 31, 1996).

referring to the job of cloth examiner, hand, DOT 689.687-022. Claimant asserts that neither of these jobs could be performed using only one hand.  According to Claimant,

> [t]he [vocational expert's] testimony that this position can be done competitively with one hand is simply incredible and was not scrutinized at all by the [ALJ]. Without [a] specific finding as to how the VE's testimony was consistent with the DOT in these respects, such facially incredible testimony should not have been accepted.

(Pl.'s Br. at  3-4.)

Social Security Ruling ("SSR") 00-4p requires the ALJ to inquire of the vocational expert "about any possible conflict between [the vocational expert testimony] and information provided in the DOT" and resolve any conflicts.  SSR 00-4p, 2000 WL 1898704, *4 (Dec. 4, 2000).

At the administrative hearing, the vocational expert responded to the hypothetical question by identifying the jobs of vacuum tester, office helper and garment inspector.  (Tr. at  51.)  The vocational expert testified that the vacuum tester job "can basically be done as a one-handed operation." (Tr. at 51.)  When asked by Claimant's counsel if the garment inspector job required use of both hands, the vocational expert testified that it did not. He explained:

> if an individual has good use of both hands, they may use the left, nondominant hand.  But as far as requirements, the job can be done with one hand and many times it can be done with individuals with one hand.  Amputees are doing the job.  I've placed amputees in doing that before.  It can be done one-handed.

9

(Tr. at 54.)  Finally, the ALJ asked the vocational expert if his testimony was consistent with the DOT.  The vocational expert testified that it was, except for the sit/stand option, which is not identified in the DOT.  The vocational expert explained that "[t]hat comes from experiences as well as other addendums to the DOT and other books."  (Tr. at 56.)

The court proposes that the presiding District Judge find that the ALJ complied with SSR 00-4p and that her findings about Claimant's ability to perform the above jobs is supported by substantial evidence.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge AFFIRM the final decision of the Commissioner and DISMISS this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Thomas E. Johnston.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made,

and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

<div style="display:flex; justify-content:space-between;">
<div>
_____<br>
   May 27, 2010<br>
       Date
</div>
<div>
_Mary E. Stanley_____<br>
Mary E. Stanley<br>
United States Magistrate Judge
</div>
</div>